UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE M. ALLEN, SR., | ) | 1:08-cv-00131-LJO-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN FORMA |
| | ) | PAUPERIS (DOC. 2) |
| v. | ) | |
| | ) | ORDER DISMISSING PLAINTIFF'S |
| SHIRLEY ANN CARTHLEDGE, | ) | COMPLAINT WITH LEAVE TO FILE AN |
| | ) | AMENDED COMPLAINT NO LATER THAN |
| Defendant. | ) | THIRTY DAYS AFTER THE DATE OF |
| | ) | SERVICE OF THIS ORDER (DOC. 1) |
| | ) | |

Plaintiff is a state prisoner incarcerated at the Fresno County Jail who is proceeding pro se with an action for damages and other relief concerning alleged loss of property. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Application to Proceed in Forma Pauperis

Plaintiff filed an application to proceed in forma pauperis on January 25, 2008. Plaintiff has submitted a declaration with exhibits that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

1

II. <u>Screening the Complaint</u>

Plaintiff filed a complaint on January 25, 2008.

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); see also <u>Palmer v. Roosevelt Lake Log</u>

2

1 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
2 Dismissal of a pro se complaint for failure to state a claim is
3 proper only where it is obvious that the Plaintiff cannot prevail
4 on the facts that he has alleged and that an opportunity to amend
5 would be futile. Lopez v. Smith, 203 F.3d at 1128.
6     A claim is frivolous if it lacks an arguable basis either in
7 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
8 frivolous claim is based on an inarguable legal conclusion or a
9 fanciful factual allegation. Id. A federal court may dismiss a
10 claim as frivolous if it is based on an indisputably meritless
11 legal theory or if the factual contentions are clearly baseless.
12 Id.
13     The test for malice is a subjective one that requires the
14 Court to determine whether the applicant is proceeding in good
15 faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
16 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
17 1986). A lack of good faith is most commonly found in repetitive
18 suits filed by plaintiffs who have used the advantage of cost-
19 free filing to file a multiplicity of suits. A complaint may be
20 inferred to be malicious if it suggests an intent to vex the
21 defendants or abuse the judicial process by relitigating claims
22 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
23 (D.C.Cir. 1981); if it threatens violence or contains
24 disrespectful references to the Court, id.; or if it contains
25 untrue material allegations of fact or false statements made with
26 knowledge and an intent to deceive the Court, Horsey v. Asher,
27 741 F.2d 209, 212 (8th Cir. 1984).
28     Here, Plaintiff alleges that Defendant Shirley Ann

Carthledge falsely endorsed an income tax check with a value of $327.00, has identification documents and credit and debit cards belonging to Plaintiff, has specified personal property valued on $800.00, and failed to apply six months of monthly payments of $35.00 to payment of a Visa account. Plaintiff seeks replevin of the personal items and damages in the amount of $1,302.00. Plaintiff appears to be alleging common state law claims in contract and/or tort.

It is Plaintiff's burden to allege a short and plain statement of the grounds upon which the Court's jurisdiction depends unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Local Rule 8-204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Here, Plaintiff fails to state any basis for subject matter jurisdiction in this Court. Plaintiff does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331.

Further, Plaintiff, who is presently in custody in Fresno County, does not include any allegations regarding the citizenship of Defendant or of Plaintiff; however, even if jurisdiction were possible based on the citizenship of the

parties, Plaintiff appears to be involved in a civil controversy over property that involves much less than the jurisdictional minimum of monetary amount for this Court pursuant to 28 U.S.C. § 1332, which requires for jurisdiction not only diversity of citizenship, but also an amount in controversy greater than $75,000.00.

Accordingly, Plaintiff has failed to state a basis for jurisdiction in this Court.

### III. Leave to Amend

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief and would demonstrate jurisdiction in this Court. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint,

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it IS ORDERED that:

1) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

2) Plaintiff's complaint IS DISMISSED WITH LEAVE TO FILE an amended complaint; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   January 30, 2008**                    **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE