UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE M. ALLEN, SR., | ) | 1:08-cv-00131-LJO-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF AN |
| | ) | EXTENSION OF TIME UNTIL FORTY- |
| | ) | FIVE DAYS AFTER THE DATE OF |
| v. | ) | SERVICE OF THIS ORDER WITHIN |
| | ) | WHICH TO FILE A FIRST AMENDED |
| SHIRLEY ANN CARTHLEDGE, | ) | COMPLAINT (Doc. 7) |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Request for an Extension of Time

Plaintiff was given leave to file a first amended complaint within thirty days by the Court's screening order filed on January 30, 2008. The order was re-served on February 8, 2008; thus, the first amended complaint is presently due to be filed no later than March 13, 2008.

On February 19, 2008, Plaintiff filed a motion for an extension of time within which to file the first amended

1

complaint. Plaintiff states that as an inmate of the Fresno County Jail, he does not have access to a law library containing federal law materials.

The Court dismissed Plaintiff's original complaint because Plaintiff did not state facts showing jurisdiction in this Court. In the order filed on January 30, 2008, the Court explained to Plaintiff that it is his burden to allege a short and plain statement of the grounds upon which the Court's jurisdiction depends unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. (Order at p. 4.)

Plaintiff's original complaint did not state grounds for jurisdiction in this Court; Plaintiff had sought return of personal property and damages caused by Defendant's alleged misappropriation of Plaintiff's funds and identification and credit documents. Plaintiff appears to be alleging state tort or contract claims; Plaintiff does not appear to be asserting a claim concerning violation of a right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331. Further, Plaintiff does not allege that Defendant is domiciled outside of California, or that over $75,000.00 is in controversy; thus, no basis appears for jurisdiction premised on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Because Plaintiff's only burden is to alleged a short and plain statement of the grounds upon which the Court's jurisdiction depends, it is not clear that Plaintiff would need access to a law library. The Court has already provided Plaintiff

2

with the legal standards governing the perceived defects in the first amended complaint. There does not appear to be any need for time to discern or plead facts; it appears that Plaintiff should be aware of the facts upon which his pleading rests.

The Court cannot continue the period for filing a first amended complaint indefinitely. The Court must consider the rights of any potential defendants and the possibility of prejudice that would inhere in further delays in screening and quieting the pleadings in this action.

The Court will grant an extension of time for forty-five days. If, without cause and/or excuse, Plaintiff does not comply with the Court's order to file a timely first amended complaint, the Court will consider Plaintiff's failure to be a failure to comply with an order of the Court, which could result in dismissal of the action.

II. <u>Plaintiff's Letter to the Court</u>

Plaintiff's motion for an extension of time was set forth in letter form and was appropriately docketed as a motion for an extension of time.

However, in the letter, Plaintiff also asked if he wanted to end the process (presumably the case), would he still be required to pay the $350.00 fee. The Court notes that it has already ordered that the fee be withdrawn periodically from Plaintiff's trust account.

Plaintiff further states that he did not and does not know if he was supposed to be filing for relief in federal court, and he asks for help.

A document requesting a Court order must be styled as a

3

motion. See F.R.Civ.P. 7. Due to the press of business, the Court cannot respond to individual requests regarding the status of cases; any such requests will be denied. Further, the Court does not provide legal advice to the parties. However, so long as the parties inform the Court of any address changes in compliance with Local Rule 83-183(b), the Court will notify the parties of any Court action taken in their case.

III. <u>Disposition</u>

Accordingly, it IS ORDERED that Plaintiff's motion for an extension of time to file a first amended complaint IS GRANTED, and Plaintiff has until no later than forty-five days after the date of service of this order in which to file a second amended complaint.

IT IS SO ORDERED.

**Dated:   February 21, 2008**                    /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE