UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE M. ALLEN, SR., | ) 1:08-cv-00131-LJO-SMS |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION ) FOR AN EXTENSION OF TIME TO FILE ) FIRST AMENDED COMPLAINT (DOC. 9) |
| v. | ) |
| SHIRLEY ANN CARTHLEDGE, | ) ORDER CONSTRUING PLAINTIFF'S ) MOTION FOR EXTENSION OF TIME AS ) BEING IN PART A REQUEST FOR A |
| Defendant. | ) PRELIMINARY INJUNCTION CONCERNING ) LAW LIBRARY ACCESS (DOC. 9) |
| | FINDINGS AND RECOMMENDATIONS RE: PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION CONCERNING LAW LIBRARY ACCESS (DOC. 9) |

Plaintiff, an inmate of the Fresno County Jail, is proceeding pro se and in forma pauperis with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is Plaintiff's renewed motion for an extension of time and for an order for use of the law library.

I. <u>Request for an Extension of Time</u>

Plaintiff was given leave to file a first amended complaint within thirty days by the Court's screening order filed on January 30, 2008. The Court dismissed Plaintiff's original

1

1  complaint because Plaintiff did not state facts showing
2  jurisdiction in this Court. In the order filed on January 30,
3  2008, the Court explained to Plaintiff that it is his burden to
4  allege a short and plain statement of the grounds upon which the
5  Court's jurisdiction depends. (Order at p. 4.) The order was re-
6  served on February 8, 2008; on February 22, 2008, the Court
7  granted Plaintiff forty-five days after service of the order
8  within which to file the FAC; thus, the FAC is presently due to
9  be filed no later than April 12, 2008.
10       On February 28, 2008, Plaintiff filed a motion for an
11 extension of time within which to file the FAC. Plaintiff states
12 that in order to best prepare for the case, he seeks additional
13 time, although the period of time sought is not stated. The
14 Court's initial screening order clearly set forth the defects in
15 the original complaint. Further, the Court has granted Plaintiff
16 a significant extension of time which extends until on or about
17 April 12, 2008.
18       Therefore, the Court DENIES Plaintiff's request because it
19 is moot, and to the extent that it is not moot, because Plaintiff
20 has not shown any cause for such an extension.
21       II. <u>Request for a Preliminary Injunction for Library Access</u>
22       Plaintiff states that as an inmate of the Fresno County
23 Jail, he only has access to a law library if he is representing
24 himself; thus, he requests use of the library at the jail.
25       The Court CONSTRUES Plaintiff's motion as being in part a
26 request for a preliminary injunction ordering his access to the
27 law library at the Fresno County Jail.
28       The purpose of a preliminary injunction is to preserve the

status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

With respect to law library access, a preliminary injunction does not serve the purpose of ensuring that Plaintiff is able to litigate this action effectively or efficiently. This action is proceeding against Defendant Carthledge for appropriation of

1  property. The issuance of the order sought by Plaintiff in his
2  motion would not remedy any of the claims alleged in this action.
3  Accordingly, the Court lacks jurisdiction to issue such an order.
4     Further, it is established that a federal court may issue an
5  injunction if it has personal jurisdiction over the parties and
6  subject matter jurisdiction over the claim; the Court may not
7  attempt to determine the rights of persons not before the Court.
8  Zepeda v. United States Immigration Service, 753 F.2d 719, 727
9  (9th Cir. 1985). Thus, this Court may not attempt to determine
10 the rights of persons or entities who are not parties to this
11 action and thus are not before the Court.
12    Based on the foregoing, the court HEREBY RECOMMENDS that
13 Plaintiff's motion for preliminary injunctive relief, filed
14 February 28, 2008, be DENIED.
15    These Findings and Recommendations will be submitted to the
16 United States District Judge assigned to the case, pursuant to
17 the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
18 **days** after being served with these Findings and Recommendations,
19 Plaintiff may file written objections with the Court. The
20 document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations." Plaintiff is advised that failure
22 to file objections within the specified time may waive the right
23 to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
24 1153 (9th Cir. 1991).
25 IT IS SO ORDERED.
26 **Dated:  March 6, 2008**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE