UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE M. ALLEN, SR., | ) | 1:08-cv-00131-LJO-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS PLAINTIFF'S FIRST AMENDED |
| | ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | ) | (DOC. 11) |
| | ) | |
| SHIRLEY ANN CARTHLEDGE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff is a state prisoner incarcerated at the Fresno County Jail who is proceeding pro se and in forma pauperis with an action for damages and other relief concerning alleged loss of property. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304. Pending before the Court is a first amended complaint (FAC) on March 17, 2008.

I. <u>Screening the Complaint</u>

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is

1

untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in

2

law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

II. Plaintiff's Complaint

Here, Plaintiff alleges that Defendant Shirley Ann Carthledge falsely endorsed and cashed an income tax check, with a value of $327.00; misappropriated Plaintiff's property and used without Plaintiff's permission his identification documents and credit and debit cards to obtain goods and services via the internet, telephone, and postal service in several states,

3

including but not limited to $591.81 in telephone charges; and in 2006 misappropriated $35.00 per month given to Defendant for payment of bills that were never paid; and without permission took Plaintiff's 1989 Honda Accord valued at $800.00. Plaintiff seeks damages and replevin of the personal items.

Plaintiff appears to be alleging common state law claims in contract and/or tort.

Plaintiff argues that the Plaintiff committed federal law violations in taking the IRS check and doing the other things alleged. However, although federal law governs the rights and duties of the United States concerning its commercial paper, in disputes between private parties concerning endorsements, state law governs absent a Congressional pronouncement. <u>Allen v. Crocker National Bank</u>, 733 F.2d 642, 644 (9th Cir. 1984). Plaintiff has not identified a Congressional provision granting him a private remedy, and the Court is aware of none. Plaintiff has not stated any grounds for subject matter jurisdiction on the basis of the presence of a federal question.

Further, Plaintiff, who is presently in custody in Fresno County, does not include any allegations regarding the citizenship of Defendant or of Plaintiff; however, even if jurisdiction were possible based on the citizenship of the parties, Plaintiff appears to be involved in a civil controversy over property that involves much less than the jurisdictional minimum of monetary amount for this Court pursuant to 28 U.S.C. § 1332, which requires for jurisdiction not only diversity of citizenship, but also an amount in controversy greater than $75,000.00.

4

Accordingly, the Court concludes that Plaintiff has failed to state a basis for jurisdiction in this Court.

It is Plaintiff's burden to allege a short and plain statement of the grounds upon which the Court's jurisdiction depends unless the Court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. Fed. R. Civ. P. 8(a)(1); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936). Local Rule 8-204 provides:

> When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ. P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

Here, Plaintiff fails to state any basis for subject matter jurisdiction in this Court. Plaintiff does not appear to be asserting any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff filed an original complaint asserting essentially the same facts and claims. In its order dismissing Plaintiff's original complaint with leave to file an amended complaint, the Court informed Plaintiff of the defects in the pleading and of the law concerning his duty to state a basis for subject matter jurisdiction in this Court. Plaintiff has now filed an amended complaint, but Plaintiff has not cured the defects in the original complaint.

The Court finds that a further opportunity to amend would be futile because there is no basis for concluding that Plaintiff

5

could state a basis for jurisdiction in this Court.

### III. Recommendation

Therefore, it IS RECOMMENDED that Plaintiff's first amended complaint BE DISMISSED without leave to amend.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 21, 2008**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

6